# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JUNE 1997 SESSION



**FILED**

**July 2, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | |
|---|---|
| **LESTER PAGE,** ) | **C.C.A. No. 02C01-9605-CR-00176** |
| Appellant, ) | |
| ) | **SHELBY COUNTY** |
| **VS.** ) | |
| ) | **HON. ARTHUR T. BENNETT,** |
| ) | **JUDGE** |
| **STATE OF TENNESSEE,** ) | |
| ) | (Post-Conviction) |
| Appellee. ) | |

FOR THE APPELLANT:

**LESTER PAGE (on petition)**
*Pro Se*
Federal Correctional Institute
P.O. Box 34550
Memphis, TN 38184-0550

**D. TYLER KELLY (appeal only)**
P.O. Box 98
Jackson, Tennessee 38302

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**ELLEN H. POLLACK**
Assistant Attorney General
450 James Robertson Parkway
Nashville, Tennessee 37243-0493

**WILLIAM L. GIBBONS**
District Attorney General

**JENNIFER NICHOLS**
Assistant District Attorney General
201 Poplar Ave. Ste. 301
Memphis, Tennessee 38103-1947

**OPINION FILED: _____**

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

**OPINION**

Petitioner, Lester Page, appeals the trial court's summary denial of post-conviction relief. In 1991, petitioner entered guilty pleas and was convicted of two (2) counts of simple possession of cocaine. His effective sentence was eleven (11) months and twenty-nine (29) days in the local correctional facility. On March 21, 1996, petitioner filed for post-conviction relief claiming that the above guilty pleas were involuntary and unknowingly entered. Without an evidentiary hearing, the trial court dismissed the petition as time-barred. The judgment of the trial court is AFFIRMED.

**STATUTE OF LIMITATIONS**

Petitioner argues that he is entitled to a post-conviction hearing because the new Post-Conviction Procedure Act extends the filing period to May 10, 1996. Under the new Post-Conviction Procedure Act, the statute of limitations for post-conviction relief is reduced to one (1) year. Tenn. Code Ann. § 40-30-202 (Supp. 1996). The Act also provides for a one (1) year grace period from May 10, 1995, to file a petition or reopen a petition for post-conviction relief. However, the grace period does not apply in this instance because post-conviction relief was already barred by the statute of limitations when the legislation was enacted. Since the petitioner did not appeal his original conviction, the judgment became final in 1991. His claim was in existence and expired prior to enactment of the new Post- Conviction Procedure Act. Tenn. Code Ann. § 40-30-102 (repealed by 1995 Tenn. Pub. Act 207, § 1).

The new Post-Conviction Procedure Act did not revive previously barred claims. See Ralph Dewayne Brock v. State, C.C.A. No. 03C01-9508-CC-00247, Sullivan County (Tenn. Crim. App. filed April 10, 1997, at Knoxville); Eric C. Pendleton v. State, C.C.A. No. 01C01-9604-CR-00158, Davidson County (Tenn. Crim. App. filed February 12, 1997, at Nashville); Johnny L. Butler v. State, C.C.A. No. 02C01-9509-CR-00289, Shelby County (Tenn. Crim. App. filed December 2, 1996, at Jackson). The majority of this Court is no longer following Arnold Carter v.

State, C.C.A. No. 03C01-9509-CC-00270, Monroe County (Tenn. Crim. App. filed July 11, 1996, at Knoxville). Accordingly, this issue is without merit.

## DUE PROCESS & EQUAL PROTECTION

Petitioner next argues that under Burford v. State, 845 S.W.2d 204 (Tenn. 1992), the former three-year statute of limitations violates due process and equal protection because he was never advised that his convictions could later be used to enhance sentences for future crimes. As a result, he contends his 1991 guilty pleas were unknowingly and involuntarily entered.

The facts and circumstances of this case do not amount to a later arising claim under Burford v. State, supra. Jimmy Lee Key v. State, C.C.A. No. 03C01-9509-CC-00277, Knox County (Tenn. Crim. App. filed March 27, 1997, at Knoxville). Furthermore, the right to be informed of the enhancement possibilities of one's plea is not constitutional in nature and not subject to post-conviction relief. State v. Adkins, 911 S.W.2d 334, 348 (Tenn. Crim. App. 1994). The petition was properly dismissed.

The judgment of the trial court is AFFIRMED.

_____
JOE G. RILEY, JUDGE


CONCUR:


_____
PAUL G. SUMMERS, JUDGE


_____
DAVID H. WELLES, JUDGE

3